BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: LENOVO ADWARE LITIGATION      /      MDL DOCKET NO. 2624

REPLY MEMORANDUM OF LAW OF PLAINTIFF LUKAS PICK IN FURTHER
SUPPORT OF MOTION FOR TRANSFER OF ACTIONS TO THE EASTERN
DISTRICT OF NORTH CAROLINA OR, ALTERNATIVELY, THE NORTHERN
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTION 1407 FOR
CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS

Plaintiff Lukas Pick ("Movant Pick"), plaintiff in the action styled *Pick v. Lenovo (United States), Inc., et al.*, No. 5:15-cv-00068-D (E.D.N.C. filed Feb. 24, 2015), pending in the United States District Court for the Eastern District of North Carolina, pursuant to Rule 6.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully submits this Reply Memorandum of Law (the "Reply") in Further Support of Motion for Transfer of Actions to the Eastern District of North Carolina. Alternatively, Movant Pick supports transfer to the Northern District of California, San Jose Division. In support thereof, Movant Pick states as follows:

**I.     WHERE WE STAND**

Movant Pick's action was filed and is currently pending in the Eastern District of North Carolina before the Honorable James C. Dever III. On February 25, 2015, Movant Pick filed a motion (the "Motion for Transfer") with this Panel seeking centralization of this multi-district litigation ("MDL") in the Eastern District of North Carolina and assignment to the Honorable Judge Dever. Dkt. No. 1.

As of the date of this Reply, there are twenty-three (23) cases related to this MDL proceeding (the "Related Actions") as follows:  three in the Eastern District of North Carolina

- 2 -

(including Movant Pick); thirteen in the Northern District of California, one in the Southern District of California, one in the Eastern District of New York, one in the Northern District of Illinois, one in the District of Oregon, one in the Western District of Kentucky, one in the Western District of Washington, and one in the Southern District of Florida.[1]

Five responses to Movant Pick's Motion for Transfer have been filed with the Panel as follows: (1) an interested party response was filed on behalf of plaintiffs in 19 of the 21 Related Actions [Dkt. No. 46]; (2) an interested party response was filed in the action captioned *Wood v. Lenovo (United States), Inc.*, No 15-cv-77 (E.D.N.C.) (the "Wood Action") [Dkt. No. 34]; (3) an interested Party response was filed in the action captioned *Wilson v. Lenovo (United States), Inc., et al.*, No. 1:15-cv-21141-CMA (the "Wilson Action") [Dkt. No. 57]; (4) Defendant Lenovo (United States), Inc. filed a response [Dkt. No. 47]; and (5) Defendant Superfish, Inc. filed a response [Dkt. No. 45] (collectively, the "Responses"). All of the Responses support Movant Pick's request for an order coordinating or consolidating the Related Actions pursuant to §1407, and all but two, the Wood Action and the Wilson Action, argue for the transfer of the Related Actions to the Northern District of California.[2] After review of the Responses, and based on numerous discussions with counsel representing parties in many of the Related Actions, Movant Pick supports transfer of the Related Actions to the Eastern District of North Carolina or, alternatively, to the Northern District of California, San Jose Division.

---

[1] Attached hereto as Exhibit A is a Schedule of Actions listing each of the Related Actions.

[2] The Wood Action seeks transfer of the Related Actions to the Eastern District of North Carolina. The Wilson Action seeks transfer of the Related Actions to the Southern District of Florida.

**II.     ARGUMENT**

   **A.     Transfer And Coordination Or Consolidation Of The Related Actions Is Undoubtedly Appropriate**

It is undisputed that, under 28 U.S.C. §1407(a), civil actions pending in different district courts involving "one or more common questions of fact" may be "transferred to any district for coordinated or consolidated pretrial proceedings." Similarly, transfer is appropriate to serve "the convenience of the parties and witnesses" and to "promote the just and efficient conduct" of the pending actions. *Id.* Here, it cannot reasonably be questioned that these factors strongly militate in favor of transferring all Related Actions to one district for coordinated or consolidated pretrial proceedings.

All of the Related Actions involve questions of fact that are not merely common, but virtually identical. All of the Actions concern the inclusion of "adware" software, known as Superfish Visual Discovery ("Superfish Adware"), surreptitiously loaded by Lenovo and Superfish on Lenovo computers, without the consent of purchasing consumers (the "Class"). The Superfish Adware intercepted electronic communications sent or received by the computers, subsequently hijacked web sessions, invaded the privacy of the Class, and exposed them to security risks from January 1, 2014 through the present, in violation of the Federal Wiretap Act, 18 U.S.C. §2511, *et seq.*, and other related statutes. Because the claims filed in all of the Actions involve common issues of fact and common claims, overlapping putative classes, and similar defendants,[3] and further in light of the nearly two dozen cases on file in Districts throughout the nation (with more likely to follow), the Related Actions should be transferred to a single district for coordination and consolidation of pretrial proceedings.

---

[3]   The actions name some or all of the following as defendants: Lenovo (United States), Inc., Lenovo Holding Co., Lenovo Group Limited, and Superfish, Inc.

These virtually identical factual allegations are more than sufficient to support transfer and coordination or consolidation.  *See In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (holding that transfer under §1407 was appropriate where "common defendant Intel Corp. monopolized and unlawfully maintained a monopoly in the market for [] microprocessing chips"; *In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004) (holding that transfer under §1407 was appropriate where related actions alleged Del Monte monopolized the market for extra-sweet pineapples by fraudulently enforcing a patent); *see also In re Prograf Antitrust Litig.*, 789 F. Supp. 2d 1380, 1380 (J.P.M.L. 2011) ("[W]e find that these three actions involve common questions of fact, and that centralization under Section 1407 . . . will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.").

### B.   Transfer to the Eastern District of North Carolina, or in the Alternative, the Northern District of California Is appropriate

As detailed in Movant Pick's Motion to Transfer, Movant Pick maintains that transfer of the Related Actions to the Eastern District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of all the actions.  The Eastern District of North Carolina is appropriate because Defendant Lenovo's corporate headquarters is located in the District, Lenovo has a laptop manufacturing facility located in North Carolina, the decisions concerning the installation of the adware were likely made in this District, many witnesses who designed the affected computers and made software decisions on the computers at issue are located in North Carolina, the Eastern District of North Carolina is under-utilized, has not one pending MDL case, has the resources and requisite experience to handle MDL's, is a highly efficient jurisdiction; and is convenient to all parties and witnesses for travel purposes.

Alternatively, after review of the Responses and substantial discussions with counsel representing parties in many of the Related Actions, Movant Pick recognizes that the Northern District of California, San Jose Division is also an appropriate transferee venue for the related actions.  To be sure, the vast majority of the Related Actions are filed in the Northern District of California, Defendant Superfish is located in the District, the judiciary has substantial experience with the technology issues raised in the Related Actions, any of the Judges in the District are capable of handling this MDL, and the District is a convenient venue for the parties, witnesses and counsel.

### III.     CONCLUSION

For all of the foregoing reasons, as well as those set forth in Movant Pick's Motion to Transfer, Movant Pick respectfully requests that the Panel enter an Order pursuant to 28 U.S.C. §1407 consolidating or coordinating for pretrial proceedings the Related Actions set forth in the accompanying Schedule of Actions, as well as any other related actions that are subsequently-filed, to the Eastern District of North Carolina or to the Northern District of California, San Jose Division.

| | |
|---|---|
| DATED:  March 30, 2015 | ROBBINS GELLER RUDMAN & DOWD LLP<br>STUART A. DAVIDSON<br>MARK DEARMAN<br>HOLLY W. KIMMEL<br>ALEX D. KRUZYK |

                                            *s/ Mark Dearman*
                                            MARK DEARMAN

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
hkimmel@rgrdlaw.com
akruzyk@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
CARMEN A. MEDICI
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
cmedici@rgrdlaw.com

BLUE STEPHENS & FELLERS LLP
DHAMIAN A. BLUE
DANIEL T. BLUE, JR.
DANIEL T. BLUE, III
205 Fayetteville Street, Suite 300
Raleigh, NC  27601
Telephone:  919/833-1931
919/833-8009 (fax)
dab@bluestephens.com
danblue@bluestephens.com
dtb3@bluestephens.com

Attorneys for Plaintiff Lukas Pick